UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRAVIS D. FONNESBECK, | Case No. 3:19-cv-00273-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| JAKE EISINGER, *et al.*, | |
| Defendants. | |

## I.   SUMMARY

*Pro se* Plaintiff Travis D. Fonnesbeck alleges that Defendants violated his Fourth Amendment rights by using excessive force against him during an arrest. (ECF No. 1-1 ("Complaint")); (*see also* ECF No. 5 at 8 (characterizing Plaintiff's allegations as a claim for excessive force).) Before the Court is Defendants Bradley Parvin and Shane Daz's motion to dismiss (ECF No. 11 ("Defendants' Motion")).[1] As further discussed below, the Court denies Defendants' Motion.[2]

## II.   BACKGROUND

The following background facts are adapted from the Complaint.

On August 19, 2017, Plaintiff was helping someone whose car broke down in a Walmart parking lot. (ECF No. 1-1 at 6.) As Plaintiff was walking across the parking lot to go into the store, Officer Parvin raced up to Plaintiff, jumped out of his car, and threw

---

[1]Plaintiff also filed a motion for declaration of entry of default. (ECF No. 14 ("Default Motion").) The Court denies the motion as Defendants have timely filed this 12(b)(6) motion to dismiss and have 14 days from the date of this order to serve a responsive pleading. Fed. R. Civ. P. 12(a)(4)(A), (b).

[2]The Court has reviewed Defendants' response to Plaintiff's Default Motion (ECF No. 15). Plaintiff did not file a reply to Defendants' response nor file a response to Defendants' Motion.

1    Plaintiff against the hood of the car. (*Id.*) Parvin asked Plaintiff how he was out of jail and

2    threw him to the ground. (*Id.*) Officer Daz arrived and began kicking Plaintiff while telling

3    him that he was a criminal and needed to leave town, then arrested him for trespassing at

4    Walmart. (*Id.*) When Plaintiff responded that he was not trespassing, Daz got Walmart

5    security to "come trespass [him] from the property." (*Id.*) Plaintiff attached to the Complaint

6    an apparent jail intake form from that day where Plaintiff stated that as a result of the

7    arrest, he suffered injuries to his right temple, right bottom jaw, had gravel "all left side of

8    head," "road rash" on his left eye, his right eye was purple, and his ribs were sore. (*Id.* at

9    17.)

10          Following screening of Plaintiff's Complaint, the Court permitted Plaintiff to proceed

11    on a single Fourth Amendment excessive force claim against Parvin and Daz. (ECF No.

12    5 at 12.)[3]

13    **III.    LEGAL STANDARD**

14          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

15    relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

16    "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

17    R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8

18    does not require detailed factual allegations, it demands more than "labels and

19    conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

20    *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations

21    must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

22    survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

23    claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

24    U.S. at 570).

25          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

26

27

28          [3]The Court dismissed claims against Defendants Jake Eisinger and Jacob Altman but granted leave to amend to cure deficiencies in the Complaint. (ECF No. 5 at 12.) Plaintiff did not amend his Complaint and the deadline to do so has now passed.

1  apply when considering motions to dismiss. First, a district court must accept as true all

2  well-pleaded factual allegations in the complaint; however, legal conclusions are not

3  entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of

4  action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a

5  district court must consider whether the factual allegations in the complaint allege a

6  plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's

7  complaint alleges facts that allow a court to draw a reasonable inference that the

8  defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not

9  permit the court to infer more than the mere possibility of misconduct, the complaint has

10  "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration

11  in original) (internal quotation marks omitted). When the claims in a complaint have not

12  crossed the line from conceivable to plausible, the complaint must be dismissed. *See*

13  *Twombly*, 550 U.S. at 570.

14  While a court generally cannot consider matters beyond the pleadings on a motion

15  to dismiss, the court may consider documents "'properly submitted as part of the

16  complaint'" and "may take judicial notice of 'matters of public record.'" *Lee v. City of Los*

17  *Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations omitted); *see also Mack*

18  *v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other*

19  *grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) ("[O]n a

20  motion to dismiss a court may properly look beyond the complaint to matters of public

21  record and doing so does not convert a Rule 12(b)(6) motion to one for summary

22  judgment.").

23  **IV.    DISCUSSION**

24  Defendants seek dismissal of Plaintiff's Fourth Amendment claim based on

25  qualified immunity.[4] (ECF No. 11 at 5.) The Court conducts a two-step inquiry to determine

26

27  [4]Plaintiff's failure to respond to Defendants' Motion constitutes consent that the motion be granted. *See* LR 7-2(d). However, given that Plaintiff is proceeding *pro se*,

28  Plaintiff has continued to litigate this case by filing the Default Motion, and because

3

1    whether an officer is entitled to qualified immunity. *See*, *e.g.*, *Groves v. City of Reno*, Case

2    No. 3:13-cv-00537-MMD-WGC, 2015 WL 5350099, \*4 (D. Nev. Sept. 14, 2015). First, the

3    Court decides "whether the facts shown make out a violation of a constitutional right." *Id.*

4    If the Court finds a constitutional violation, the Court then decides "whether the

5    constitutional right was clearly established as of the date of the alleged misconduct." *Id.*

6    (citations omitted). The Court discusses both prongs of the inquiry.

7                    **1.      Whether the Facts Establish a Violation of Plaintiff's Fourth**

8                             **Amendment Rights**

9           Defendants argue that Plaintiff has not pleaded facts sufficient to establish a

10   violation of his Fourth Amendment rights. (ECF No. 11 at 10-12.) Defendants contend that,

11   if anything, their use of force was reasonable because documents attached to the

12   Complaint show that Plaintiff did resist arrest "in some manner for some undetermined

13   period of time . . .." (*Id.* at 11.)

14          To determine whether Defendants' use of force was excessive under the Fourth

15   Amendment, the Court assesses "whether the officers' actions are objectively reasonable

16   in light of the facts and circumstances confronting them, without regard to their underlying

17   intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal quotation

18   marks omitted). "Determining whether the force used to effect a particular seizure is

19   reasonable under the Fourth Amendment requires a careful balancing of the nature and

20   quality of the intrusion of the individual's Fourth Amendment interests against the

21   countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks

22

23   ─────────────
     Defendants' Motion is dispositive, the Court will analyze the motion on its merits. *See*
24   *Mayes v. Smart and Final, Inc.*, 759 F. App'x. 628, 630 (9th Cir. 2019) (internal quotation
     marks omitted) (finding that LR 7-2(d) "afford[s] discretion in its application despite its
25   mandatory language"); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)
     ("Dismissal is a harsh penalty and is to be imposed only in extreme circumstances.");
26   *Spartalian v. Citibank, N.A.*, Case No. 2:12–cv–00742–MMD–PAL, 2013 WL 593350, at
     \*2 (D. Nev. Feb. 13, 2013) ("[W]hen considering dispositive motions, this Court may
27   analyze the motion on its merits regardless of whether it is opposed. This is especially true
     when the Plaintiff is appearing *pro se*."). Nevertheless, the Court cautions Plaintiff to
28   comply with the Court's filing deadlines as this action proceeds. Proceeding *pro se* does
     not give Plaintiff free license to disregard this Court's rules of procedure.

1    omitted). In this analysis, the Court must consider the following factors: (1) the severity of

2    the crime at issue; (2) whether Plaintiff posed an immediate threat to the safety of the

3    officers or others; and (3) whether Plaintiff actively resisted arrest. *Id.*; *see also Arpin v.*

4    *Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). The most important

5    factor in this analysis is whether the individual posed an immediate threat. *Mattos v.*

6    *Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).[5]

7            Accepting Plaintiff's allegations as true, the first two *Graham* factors weigh in his

8    favor. Plaintiff alleges that he committed no crime whatsoever as he was wrongfully

9    arrested for trespassing. (ECF No. 1-1 at 6.)[6] In any event, trespassing is not a serious

10   crime. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1055 (9th Cir. 2007). There was no

11   immediate threat to officers or others, as Plaintiff was merely walking across the parking

12   lot when Defendants threw him against the hood of their car, threw him on the ground, and

13   kicked him. (ECF No. 1-1 at 6.)

14           The third factor is neutral as there is a factual dispute regarding whether Plaintiff

15   resisted arrest. Liberally construing Plaintiff's allegations as a *pro se* litigant, he was not

16   resisting arrest when Defendants threw him against the car, threw him on the ground, and

17   kicked him because Defendants did not arrest him until after these events occurred. (*Id.*;

18   *see also Groves,* 2015 WL 5350099, at *7 (analyzing the final *Graham* factor and finding

19   that a plaintiff "was not resisting arrest because he was not under arrest"). Defendants

20   point to a statement from Wade Knight—who alleges that he was with Plaintiff during the

21   incident and saw the officers throw him down and repeatedly command him to "stop

22

23           [5]While these factors act as guidelines, "there are no per se rules in the Fourth
     Amendment excessive force context." *Mattos*, 661 F.3d at 441.

24
             [6]Defendants argue that they committed a reasonable mistake of fact by concluding
25   that Plaintiff was trespassing on Walmart property. (ECF No. 11 at 10.) However, it is
     premature for the Court to find that Defendants' mistake was reasonable as a matter of
26   law because the reasonableness of an officer's actions is a fact-intensive inquiry that will
     "nearly always require[] a jury to sift through disputed factual contentions, and to draw
27   inferences therefrom . . .." *Torres v. City of Madera*, 648 F.3d 1119, 1125 (9th Cir. 2011);
     *see also Santos v. Gates*, 287 F.3d 846, 855 n.12 (9th Cir. 2002) (finding judgment as a
28   matter of law premature because "whether the officers may be said to have made a
     reasonable mistake of fact or law, may depend on the jury's resolution of disputed facts").

1  resisting"—as evidence that Plaintiff resisted arrest. (ECF No. 11 at 11; ECF No. 1-1 at

2  15.) However, an officer telling a suspect to "stop resisting" is not *de facto* evidence that

3  the person actually resisted arrest; in fact, such a command can be a pretextual excuse

4  to beat a non-resisting suspect. *See Rodriguez v. County of Los Angeles,* 891 F.3d 776,

5  801 (9th Cir. 2018). Similarly, while Defendants argue that Plaintiff's self-described injuries

6  to his face are evidence that he was "held down in the process of being placed under

7  arrest" (ECF No. 11 at 12), this does not explain whether holding Plaintiff down was a

8  reasonable or unreasonable use of force.

9        Accepting Plaintiff's allegations as true, at least two *Graham* factors—including the

10  most important factor—weigh against a finding that Defendants' use of force was

11  objectively reasonable, and a factual dispute exists regarding the final factor. Accordingly,

12  Defendants have not shown that Plaintiff failed to sufficiently plead a violation of his Fourth

13  Amendment rights.

14              **2.      Was the Fourth Amendment Violation Clearly Established**

15        The second prong of the analysis requires the Court to determine whether the law,

16  as it existed at the time of the incident, was clearly established. "A [g]overnment official's

17  conduct violates clearly established law when, at the time of the challenged conduct, [t]he

18  contours of [a] right [are] sufficiently clear that every reasonable official would have

19  understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741

20  (2011) (quotation marks and citation omitted). The Supreme Court has cautioned courts

21  "not [to] define clearly established law at a high level of generality." *Id.* at 742 (citations

22  omitted). Yet, it is "clear that officials can still be on notice that their conduct violates

23  established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741

24  (2002).

25        Here, the law was clearly established at the time of the incident that an officer

26  violates the Fourth Amendment by throwing on a car, throwing to the ground, and kicking

27  a suspect who posed no threat to anyone and was not resisting arrest. *See, e.g.*, *Koiro v.*

28  *Las Vegas Metro. Police Dep't*, 69 F. Supp. 3d 1061, 1069 (D. Nev. 2014) (denying

1  summary judgment where an off-duty officer pushed a suspect "from behind into the

2  bushes and began punching him in the stomach, sides and back of the head" with no

3  reason to believe there was an immediate threat to anyone's safety); *Bushell-McIntyre v.*

4  *City of San Jose*, 252 F. App'x. 810, 812 (9th Cir. 2007) (finding a reasonable jury could

5  conclude that officers violated a plaintiff's Fourth Amendment rights by using a pain

6  compliance hold on her, shoving her outside, and slamming her against a car when the

7  plaintiff had committed only a minor offense and did not pose a threat or resist).

8  Plaintiff alleges that he had committed no crime and was only walking across a

9  parking lot when officers—unprovoked—threw him on the hood of a car, threw him on the

10  ground, kicked him, then arrested him. (ECF No. 1-1 at 6.) If Plaintiff's version of the

11  encounter is to be believed, then Defendants may have violated Plaintiff's clearly

12  established right to be free from excessive force.

13  In light of the factual dispute as noted herein, the Court is precluded from finding

14  as a matter of law that Defendants' alleged violating conduct was, or was not, inconsistent

15  with clearly established law. *See Conner v. Heiman*, 672 F.3d 1126, 1131 (9th Cir. 2012)

16  (internal quotation marks omitted) (finding that "where historical facts material to the

17  qualified immunity determination are in dispute . . . the district court [should] submit the

18  issue to a jury"); *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) ("Because [the

19  excessive force inquiry] nearly always requires a jury to sift through disputed factual

20  contentions, and to draw inferences therefrom, [the Ninth Circuit] have held on many

21  occasions that . . . judgment as a matter of law in excessive force cases should be granted

22  sparingly."). Therefore, the Court denies Defendants' Motion.

23  **V.    CONCLUSION**

24  The Court notes that the parties made several arguments and cited to several cases

25  not discussed above. The Court has reviewed these arguments and cases and determines

26  that they do not warrant discussion as they do not affect the outcome of the motions before

27  the Court.

28  It is therefore ordered that Defendants Bradley Parvin and Shane Daz's motion to

1    dismiss (ECF No. 11) is denied.

2           It is further ordered that Plaintiff's motion for declaration of entry of default (ECF

3    No. 14) is denied.

4           DATED THIS 28th day of October 2020.

5

6

7                                          _____
                                           MIRANDA M. DU
8                                          CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28